
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.:  08 C 2032 |
| J.C. CORNILLIE COMPANY, L.L.C., a Michigan corporation, | ) ) ) | Judge Manning |
| Defendant. | ) ) | Magistrate Judge Mason |

## MOTION FOR ENTRY OF ORDER OF DEFAULT AND JUDGMENT BY DEFAULT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, (hereinafter collectively referred to as "Pension Fund"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("F.R.Civ.P."), hereby move this court for the entry of an order of default and judgment by default against Defendant J.C. Cornillie, LLC, a Michigan limited liability corporation ("J.C. Cornillie").  In support of this motion, the Pension Fund states as follows:

1.      On April 10, 2008, Plaintiffs filed a Complaint against Defendant in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Welfare Plan Amendments Act of 1980, to recover shortfall payments and delinquent employer contributions due and owing to the Pension Fund by Defendant as well as interest,

liquidated damages, and attorneys' fees and costs.

2.    This Court has subject matter jurisdiction of this action and venue of this action properly lies in this District.  29 U.S.C. § 1132(e)(1) and (e)(2).  (Affidavit of Andrew M. Sprau ¶2 ("Sprau Affidavit") attached hereto as <u>Exhibit 1</u> and incorporated herein by reference; Affidavit of Juan J. Beaton ¶¶ 4-5 ("Beaton Affidavit") attached hereto as <u>Exhibit 2</u> and incorporated herein by reference).

3.    On April 14, 2008, Defendant was served by personal delivery of Summons and Complaint and this Court has personal jurisdiction over Defendant.  See Affidavit of Service filed on April 29, 2008; F.R.Civ.P. Rule 4(c), (h).

4.    Defendant is in default because it has failed to file an answer or other responsive pleading to the complaint within the time limit prescribed by Fed.R.Civ.P. 12.

5.    The Pension Fund receives contributions from numerous employers pursuant to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT").  (Beaton Affidavit ¶6).

6.    The contributions received by the Pension Fund are used to provide retirement benefits for the participants of the Pension Fund.  (Beaton Affidavit ¶6).

7.    Defendant is an employer bound by the provisions of a collective bargaining agreement with Local 247 of the IBT.  Pursuant to the provisions of the collective bargaining agreement, Defendant was required to pay monthly employer contributions to the Pension Fund on behalf of certain covered employees.  (Beaton Affidavit ¶7).

8.    Defendant and Local 247 executed a Participation Agreement which requires Defendant to pay contributions to the Pension Fund in accordance with the collective

bargaining agreement.  (Beaton Affidavit ¶7).

9.     Defendant, as a participating employer in the Pension Fund, is required to advise the Pension Fund with respect to the names of individuals who perform covered work and are required to indicate which weeks are worked by the employees.  Based upon the work history reported by the employers, the Pension Fund bills the employers for contributions.  (Beaton Affidavit ¶8).

10.     Defendant breached the provisions of the collective bargaining agreement, the participation agreement, and the Pension Fund's Trust Agreement by failing to pay all contributions to the Pension Fund which the employee work history reported to the Pension Fund revealed to be owed for the period of February 2008 through April 2008.  (Beaton Affidavit ¶9).

11.     As a result, Defendant owes the principal amount of $6,474.00 for delinquent employer contributions to the Pension Fund.  (Beaton Affidavit ¶9).

12.     Defendant also entered into a Settlement Agreement and Release with the Pension Fund settling claims related to a sale of assets and the subsequent withdrawal liability assessment which required Defendant to maintain a certain contribution base unit level for the period of 2006 through 2008 pursuant to the collective bargaining agreement, Participation Agreement, and the Pension Fund Trust Agreement. (Sprau Affidavit ¶6).

13.     Defendant did not maintain the required contribution base unit level for the year 2007, and therefore was notified that it should remit shortfall payments no later than March 15, 2008.  (Sprau Affidavit ¶7).

14.     Defendant failed to remit the shortfall payments for the year 2007 as required

by the collective bargaining agreement, Participation Agreement, and the Trust Agreement. (Sprau Affidavit ¶7).

15.     As a result, Defendant owes the principal amount of $83,498.00 for delinquent shortfall payments to the Pension Fund.  (Sprau Affidavit ¶12).

16.     Pursuant to the Settlement Agreement and Release, the failure of J.C. Cornillie to pay the shortfall payments by March 15, 2008 is treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145 and the Pension Fund is entitled to all remedies available under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).  (Sprau Affidavit ¶8).

17.     Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under 29 U.S.C. § 1145:

(i)     the unpaid contributions;
(ii)    interest on the unpaid contributions;
(iii)   an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and
(iv)    reasonable attorneys' fees and costs.

18.     Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.  (Sprau Affidavit ¶11; Beaton Affidavit ¶11).

19.     Through May 15, 2008, Defendant owes the Pension Fund the total amount of $35.65 in interest on the unpaid employer contributions.  (Beaton Affidavit ¶12).

20. Through May 15, 2008, Defendant owes the Pension Fund the total amount of $1,027.45 in interest on the shortfall payments. (Sprau Affidivit ¶12).

21. Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions. (Beaton Affidavit ¶13; Sprau Affidavit ¶12).

22. Defendant owes the Pension Fund the total amount of $1,294.80 ($6,474.00 x 20%) in liquidated damages in the greater amount of twenty percent (20%) of the unpaid employer contributions. (Beaton Affidavit ¶14).

23. Defendant owes the Pension Fund the total amount of $16,699.60 ($83,498.00 x 20%) in liquidated damages in the greater amount of twenty percent (20%) of the unpaid shortfall payments. (Sprau Affidavit ¶13).

24. Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the months for which the interest is charged. (Sprau Affidavit ¶15; Beaton Affidavit ¶16).

25. Pursuant to the provisions of the Pension Fund Trust Agreement and ERISA, 29 U.S.C. § 1132(g)(2)(D), Defendant is required to pay all attorneys' fees and costs incurred in connection with this case. The attorneys' fees total $1,425.00 and costs total $390.00. (See Affidavit of Rebecca K. McMahon attached hereto as <u>Exhibit 3</u> and incorporated herein by reference).

26.    Accompanying this motion is a proposed Judgment Order which is attached hereto as Exhibit 4.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, pray for entry of judgment by default in favor of Plaintiffs and against Defendant J.C. Cornillie, LLC, a Michigan limited liability corporation, as follows:

(B)    For the past employer contributions  in the amount of $6,474.00; together with interest in the amount of $35.65; liquidated damages in the amount of $1,294.80; attorneys' fees in the amount of $712.50; and costs in the amount of $195.00.

(A)    For the past due shortfall payments in the amount of $83,498.00; together with interest in the amount of $1,027.45; liquidated damages in the amount of $16,699.60; attorneys' fees in the amount of $712.50; and costs in the amount of $195.00.

(C)    That this Court award Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(D)    That this Court retain jurisdiction to enforce the provisions of its Order; and

(E)     For such other relief deemed just and proper.

Respectfully submitted,


  /s/  Rebecca K. McMahon
Rebecca K. McMahon
Attorney for Plaintiffs
Central States, Southeast and Southwest Areas
Pension Fund
9377 West Higgins Road
Rosemont, Illinois  60018-4938
847/518-9800, Ext. 3441
May 12, 2008                    ARDC #06290192

F: 261414 / 08410015 / 5/12/08

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND ) 
SOUTHWEST AREAS PENSION FUND, ) 
and HOWARD McDOUGALL, trustee, ) 
                         ) 
           Plaintiffs, ) 
                         ) 
           v. )    Case No.: 08 CV 2032
                         ) 
J.C. CORNILLIE COMPANY, L.L.C., )    Judge Manning
a Michigan corporation, ) 
                         )    Magistrate Judge Mason
           Defendant. ) 

## AFFIDAVIT OF ANDREW M. SPRAU

State of Illinois     ) 
                     ) SS
County of Cook     ) 

     I, Andrew M. Sprau, having been duly sworn on oath, depose and state as follows:

     1.     I am the Department Manager for Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

     2.     The Pension Fund is a multiemployer pension plan as that term is defined by 29 U.S.C. § 1002(37)(A). On the date this action was filed and to the present date, the Plaintiff Howard McDougall was and is one of the trustees and a fiduciary of the Pension Fund. The Trustees are the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees are authorized to bring civil actions on behalf of the Pension Fund, its participants, and beneficiaries for the

purpose of collecting withdrawal liability pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1). This Court has jurisdiction over the action under Sections 502(a), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(a), 1132 (f), and 1451(c). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018-4938. Thus, venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this district under the venue selection clause of the Pension Fund Trust Agreement.

3.     I am responsible for managing the Pension Fund's assessment and collection program for withdrawal liability. If an employer has withdrawn from the Pension Fund, one of my staff members or I calculate the withdrawal liability due and notify the employer of the assessment in accordance with Section 4219(b)(1) of ERISA, 29 U.S.C. §§ 1399(b)(1).

4.     The files maintained for every employer who has withdrawn from participation in the Pension Fund are under my dominion and control.

5.     On or about March 5, 2002, CHS Holdings, Inc. f/k/a J.C. Cornillie Company ("CHS Holdings") sold substantially all its assets to Defendant J.C. Cornillie Company, LLC ("J.C. Cornillie"). The sale triggered a withdrawal and CHS Holdings was subsequently assessed with a 2002 complete withdrawal.

6.     In an effort to settle the withdrawal liability assessment, J.C. Cornillie entered into a Settlement Agreement and Release with the Pension Fund in which it agreed to maintain an annual contribution base unit level for the years 2006 through 2008. A true and genuine copy of the Settlement Agreement and Release is attached hereto as Exhibit A.

7.    For the year 2007, J.C. Cornillie did not maintain the minimum annual contribution base unit level, and by letter dated January 29, 2008 and attached hereto as Exhibit B, J.C. Cornillie was billed $83,498.00 for the shortfall payments. The shortfall payments were due on or before March 15, 2008. To date, no shortfall payments have been received. A true and genuine copy of the Calculation of Balance Owed for 2007 Pursuant to the Settlement Agreement and Release is attached hereto as Exhibit C.

8.    Pursuant to the Settlement Agreement and Release, the failure of J.C. Cornillie to pay the shortfall payments by March 15, 2008 is treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145 and the Pension Fund is entitled to all remedies available under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

9.    Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under 29 U.S.C. § 1451(b):

      (1)     the unpaid contributions;
      (2)     interest;
      (3)     an amount equal to the greater of the interest or liquidated damages in the amount of 20% of the withdrawal liability; and
      (4)     reasonable attorneys' fees and costs.

10.    Under 29 U.S.C. § 1132(g)(2), interest is determined using the rate under the Pension Plan.

11.    Under the Pension Plan, interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which interest is charged.

12.    Pursuant to the terms of the Pension Fund Trust Agreement, the Pension

Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions.

13. Defendant owes the Pension Fund the total amount of $16,699.60 ($83,498.00 x 20%) in liquidated damages in the greater amount of twenty percent (20%) of the unpaid shortfall payments.

14. Accordingly, I have calculated that Plaintiffs are entitled to a judgment against J.C. Cornillie for:

        (1)    $83,498.00 in shortfall payments;

        (2)    $1,027.45 in interest (through May 15, 2008);

        (3)    $16,699.60 in liquidated damages;

        (4)    Attorneys' fees and costs.

15. Under the Pension Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which interest is charged, and shall be compounded annually.

**FURTHER AFFIANT SAYETH NOT.**

_____
Andrew M. Sprau

Subscribed and sworn to before me, a Notary Public, this _12th_ day of May, 2008.

_____
Notary Public

"OFFICIAL SEAL"
GEORGE O HANSEN
Notary Public, State of Illinois
My Commission Expires 1/21/2009

F: 261423 / 08410015 / 5/12/08        -4-

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is made effective as of the date of execution, by and between the Central States Southeast and Southwest Areas Pension Fund (hereinafter "Central States"), CHS Holdings, Inc., f/k/a J.C. Cornillie Co., a Michigan corporation (hereinafter "Seller"), and J.C. Cornillie Co. LLC, a Michigan limited liability company (hereinafter "Purchaser").

**WHEREAS**, Central States is a multiemployer pension plan covered by Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"); and

**WHEREAS**, Seller is a Michigan corporation with its principal place of business located in the State of Michigan; and

**WHEREAS**, the Purchaser is a Michigan limited liability company with its principal place of business in the State of Michigan; and

**WHEREAS**, Seller was bound by a series of collective bargaining agreements, executed between itself and a local union affiliated with the International Brotherhood of Teamsters which required Seller to make contributions to Central States on behalf of certain of its employees; and

**WHEREAS**, on or about March 5, 2002, the Seller sold substantially all of its assets to Purchaser pursuant to a transaction which Seller and Purchaser allege complied with ERISA Section 4204, 29 U.S.C. § 1384 (the "Sale"), thus allegedly exempting the Seller from withdrawal liability; and

**WHEREAS**, Central States disputes that the Sale complied with ERISA Section 4204, 29 U.S.C. § 1384, in any manner; and

WHEREAS, Central States determined that on or about March 5, 2002, Seller permanently ceased to have an obligation to contribute to Central States and/or permanently ceased all operations covered by Central States as a result of the Sale, thereby effecting a "complete withdrawal" from Central States, as defined in ERISA Section 4203, 29 U.S.C. § 1383; and

WHEREAS, on August 9, 2005 Central States issued an assessment for withdrawal liability identified as Assessment Number 1864750-WL050037-01 to Seller in the amount of $452,015.59 (the "Assessment") as a result of the aforementioned withdrawal; and

WHEREAS, in response to the Assessment, on February 9, 2006, Seller filed a Demand for Arbitration with the American Arbitration Association styled

CHS Holdings, Inc. f/k/a J.C. Cornillie Co., and Central States, Southeast and Southwest Areas Pension Fund, Arbitration No. 51 621 00253 06 (Arbitrator Lawrence E. Katz) (the "Arbitration")

asserting certain defenses to the Assessment; and

WHEREAS, in response to the Seller's failure to remit interim payments in accordance with the schedule set by the Trustees as set forth in the Assessment, Central States filed an action in the United States District Court for the Northern District of Illinois, Eastern Division, styled *Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee vs. CHS Holdings, Inc., f/k/a J.C. Cornillie Co., Charles J. Cornillie, Henry L. Cornillie and Michael S. Cornillie*, Case No. 06 C 0832 (the "Lawsuit"), seeking to collect interim withdrawal liability payments due under the Assessment, interest and statutory damages; and

WHEREAS, the Seller, the Purchaser and Central States now wish to compromise and settle all claims relating to the Assessment, the Lawsuit and the Arbitration.

NOW, THEREFORE, in consideration of the promises and agreements contained herein, the parties agree as follows:

1.  **Issuance of Letter of Credit**. Seller and/or Purchaser shall post a letter of credit, in the form attached hereto as <u>Exhibit A</u>, in favor of Central States in the aggregate amount of Four Hundred Fifty-Two Thousand Fifteen and 59/100 Dollars ($452,015.59) ("LOC") to secure payment of the Seller's withdrawal liability evidenced by the Assessment. The LOC shall remain in place for three (3) years from May 16, 2006, the date on which the Board of Trustees approved the terms of this Agreement. The LOC shall be payable to Central States, upon demand, in the event that the Purchaser withdraws from the Pension Fund in either a complete or partial withdrawal within the three (3) year period and the Purchaser fails to make any withdrawal liability payment when due. In the event the Purchaser effects a complete or partial withdrawal within the relevant three (3) year period, the Purchaser expressly understands and agrees that it must remit interim payments to Central States, regardless of any discussions related to a compromise of the Purchaser's withdrawal liability. In the event the Purchaser fails to make any make any withdrawal liability payment when due, it is expressly understood and agreed by Purchaser and Seller that Central States shall have the right, in its sole discretion, to draw down on the LOC , either in the amount of the interim/installment payment due or in the full amount of the assesses withdrawal liability. It is also expressly understood that the liability of the party furnishing the LOC shall be reduced, upon payment of the LOC to Central States, by the amount thereof.

2.  **Assumption of Contribution History**. The Purchaser shall assume the Seller's contribution history for plan years 1992 through and including 2002.

3.    **Waiver of "Free Look"**. It is expressly understood and agreed by Purchaser that its assumption of the Seller's contribution history set forth in paragraph 2 above constitutes a waiver by the Purchaser of any claim to an exemption from withdrawal liability pursuant to ERISA Section 4210, 29 U.S.C. § 1390.

4.    **Warranty of Contribution History**. The Seller warrants and represents to the Pension Fund that the contribution history set forth in the computer report PCEL, prepared by Central States and attached hereto as Exhibit B does not overstate or understate the contributions or contribution base units of the Seller for 1992 through 2001.

5.    **Maintenance of Contribution Base Units**. The Purchaser guarantees that for each of the plan years commencing in 2006, and continuing through 2008, its yearly contribution base units ("CBU's") will be no less than 782 CBUs per year which represents 85% of its CBUs for plan years 2002 - 2005 (the "Guaranteed CBUs"). In the event the Purchaser fails to meet the Guaranteed CBUs for any of the plan years during the period 2006 - 2008, the Purchaser shall have the obligation to make additional contributions to the Pension Fund so that it meets the Guaranteed CBUs. The dollar amount of additional contributions shall be equal to the difference between the Guaranteed CBUs less the actual CBUs for the plan year multiplied by the average dollar amount of contributions for the plan year in question (calculated by dividing the total dollar amount of actual contributions owed for the shortfall year by the CBUs attributable to the Purchaser for the year in question). Said additional contributions shall be due no later than March 15 of the plan year following the plan year in which the shortfall occurs provided that the Purchaser receives a notice from Central States of the total amount contributed and the amount of CBUs for which contributions were made by

February 28 of the year following the shortfall. In the event that the contributions are not paid by March 15 of the plan year following the plan year of the shortfall, they shall be delinquent contributions due under ERISA Section 515, 29 U.S.C. § 1145, and Central States shall be entitled to all remedies available under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2). All additional CBU's calculated pursuant to this provision shall be included in any subsequent withdrawal liability calculation. In the event the Purchaser completely withdraws from the Pension Fund during the three (3) year period, the Purchaser need not satisfy the Guaranteed CBUs for the year of withdrawal or any subsequent year, but must satisfy the Guaranteed CBUs for prior years.

6. **Payment of Fees and Costs**. Central States shall retain as payment of its fees and expenses in connection with the Lawsuit and this settlement Five Thousand and no/100 Dollars ($5,000.00) of the Fifteen Thousand and no/100 Dollars ($15,000.00) previously remitted by the Purchaser to Central States. The remaining Ten Thousand and no/100 Dollars ($10,000.00), without interest, shall be returned to the Purchaser within five (5) business days upon execution by the parties of this Agreement.

7. **Order of Dismissal of the Lawsuit.** The Purchaser and Seller acknowledge that on April 10, 2006, Central States filed a Notice of Dismissal in the Lawsuit, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a) in contemplation of the execution of this Agreement.

8. **Dismissal of Arbitration.** It is further agreed that Seller shall dismiss the Arbitration within five (5) business days after the parties execute this Agreement. The Seller expressly understands and agrees that it waives any further right to review or

arbitration under Section 4219(b)(2)(A) and 4221(a)(1) of ERISA, 29 U.S.C. § 1399(b)(2)(A) and 1401(a)(1), with respect to the Assessment.

9. **Release by Central States.** Central States agrees that the execution of this Agreement and the dismissal of the Arbitration shall satisfy any and all claims and liabilities of any kind that Central States or anyone acting through Central States has or could have asserted against the Seller and Purchaser, their officers, directors, shareholders, managers, members, their successors or assigns (the "Released Parties") with respect to the Assessment, including claims for attorneys' fees, penalties, interest or other amounts; provided, however, that this Agreement does not release any other claims, if any.

10. **Release by Seller and Purchaser.** Seller and Purchaser agree that the execution of this Agreement and the dismissal of the Arbitration shall satisfy any and all claims and liabilities of any kind that the Seller, Purchaser or anyone acting on their behalf has or could have asserted against Central States or any of Central States' officers, managers , attorneys, successors or assigns with respect to the Assessment, including, without limitation, claims for refunds, attorneys' fees or costs.

11. **Confidentiality.** The parties acknowledge that the terms of this Agreement are confidential. The parties agree that neither they nor their respective counsel shall reveal the substance of this Agreement to any third-party or otherwise use this Agreement for any purposes other than enforcement of the provisions hereof or as otherwise required by law.

12. **Choice of Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois pursuant to the Pension Fund Trust Agreement. Any and all legal actions initiated that relate in any way to this Settlement

Agreement shall be filed and litigated only in courts having situs in Cook County, Illinois, and all of the parties to this Settlement Agreement and Release consent to personal jurisdiction in any State or Federal Court located and having situs in Cook County, Illinois.

13. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties and cannot be changed or amended, except by a written agreement, signed by all of the parties and attached to this Agreement. The parties agree that, other than as stated herein, no promises or inducements have been made or offered, and that this Agreement is not executed with reliance upon any statements or representations other than as stated herein.

14. **Titles.** Titles and headings to articles, sections or paragraphs in this Agreement are inserted for convenience of reference only and are not intended to affect the interpretation or construction of the Agreement.

15. **Copies.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall be considered one instrument and shall become binding when one or more counterparts have been signed by each of the parties and delivered to the other. Signatures to this Agreement provided by facsimile shall be deemed original signatures.

16. **Authorization.** The parties to this Agreement hereby certify that they have read the terms of this Agreement, that they have had an opportunity to discuss it with their attorneys, and that they understand its terms and effects. Each signatory to this Agreement represents that each has the capacity and authority, and has secured all necessary approval, to execute this Agreement and bind his/her principals to its terms.

17.    **Notices**. If any notice is required by this Agreement by either party, the notice may be sent by i) prepaid, certified United States Mail, return receipt requested or ii) national overnight courier with receipt for delivery. Such notice shall be deemed effective upon receipt, as follows:

If to Central States:

      Peter Priede
      Group Manager, Operations
      Accounting
      Central States Pension Fund
      9377 West Higgins Road
      Rosemont, IL 60018-4938

If to Seller or Purchaser:

      Ed Buchman, President
      J.C. Cornillie Co.
      30751 Little Mack
      Roseville, MI 48066

With a copy to:

      Cathy L. Rath, Esq.
      Central States Pension Fund
      9377 West Higgins Road
      Rosemont, IL 60018-4938

With a copy to:

      Thomas W.H. Barlow, Esq.
      Barlow & Derby P.C.
      1450 West Long Lake Road
      Suite 365
      Troy, Michigan 48098

**[Remainder of page intentionally left blank.]**

IN WITNESS WHEREOF, the Trustees of the Pension Fund have caused this

Agreement to be executed in the name of the Pension Fund by its duly authorized officer,

and Seller and Purchaser have caused this Agreement to be executed in their names by

their duly authorized representatives this ___ day of May, 2006.

CHS HOLDINGS, INC. f/k/a J. C. Cornillie
Co.

By: _____

Title: _GES._ _____


J.C. CORNILLIE CO., LLC

By: _____

Title: _PRESIDENT_ _____


CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND


By: _____
   Peter Priede
   Group Manager–Operations Accounting

F:173329 / 05410015 / 5/17/06                    -9-

**IN WITNESS WHEREOF,** the Trustees of the Pension Fund have caused this Agreement to be executed in the name of the Pension Fund by its duly authorized officer, and Seller and Purchaser have caused this Agreement to be executed in their names by their duly authorized representatives this 19th day of May, 2006.

**CHS HOLDINGS, INC. f/k/a J. C. Cornillie Co.**

By:_____

Title:_____


**J.C. CORNILLIE CO., LLC**

By:_____

Title:_____


**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND**

By:_____
Peter Priede
Group Manager--Operations Accounting

# EXHIBIT B



**CENTRAL STATES
SOUTHEAST AND
SOUTHWEST AREAS
PENSION FUND**

EMPLOYEE TRUSTEES
FRED GEGARE
JERRY YOUNGER
GEORGE J. WESTLEY
CHARLES A. WHOBREY

EMPLOYER TRUSTEES
HOWARD McDOUGALL
ARTHUR H. BUNTE, JR
TOM J. VENTURA
GARY F. CALDWELL

EXECUTIVE DIRECTOR
THOMAS C. NYHAN

January 29, 2008

Mr. Ed Buchman, President
J.C. Cornillie Co., LLC
30751 Little Mack
Roseville, MI 48066

VIA UPS NEXT DAY DELIVERY
#1Z 395 1X9 22 1012 2443

RE:   J.C. CORNILLIE CO., LLC
      SETTLEMENT AGREEMENT AND RELEASE

Dear Mr. Buchman:

In May 2006, the parties entered into a Settlement Agreement and Release (copy enclosed). Section 5 of the agreement requires J.C. Cornillie Co., LLC to maintain an annual contribution base unit level of 782 for the years 2006-2008.

This letter serves to inform you that J.C. Cornillie Co., LLC has fallen short of the required level for the year 2007, as detailed below:

Calculation of CBU Shortage:
|  |  |
|---|---|
| Required Annual CBU Level | 782 |
| Actual 2007 CBU Level | (279) |
| Shortage | 503 |

Calculation of Additional Contributions Due:
| Total Dollar Amount of Contributions / | |
|---|---|
| Actual 2007 CBUs: ($46,314.00 / 279) | $166.00 |
| x CBU Shortage for 2007 | 503 |
| Additional contributions due by 3/15/08 | $83,498.00 |

For your information, enclosed is the Past Contributions for Employer Liabilities Report for J.C. Cornillie Co., LLC for the year 2007. Also enclosed is a member contribution report for the same period which provides the detail for the contribution base units referred to above.

**Please remit payment in the amount of $83,498.00 by March 15, 2008.**

9377 West Higgins Road
Rosemont, Illinois 60018-4938
Phone: (847) 518 - 9800                                           www.centralstates.org

Mr. Ed Buchman
January 29, 2008
Page 2

If you have any questions, please call me on extension 3203.

Sincerely,

Andrew Sprau
Department Manager
Collections

AS:SMT-shortage letter1
Enclosures

cc:    Jo Evelyn George Roberson, Department Manager, Collections
       Rebecca McMahon, Attorney, Central States Law Department

# EXHIBIT C

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS
PENSION FUND
CALCULATION OF BALANCE OWED FOR 2007 PURSUANT
TO THE SETTLEMENT AGREEMENT AND RELEASE

J.C. CORNILLIE COMPANY, L.L.C.

| Year | Month | Shortfall Amount | Interest Rate | | Interest Due |
|------|-------|------------------|---------------|---|--------------|
| 2008 | March | $83,498.00 | 0.6667% | * | $287.30 |
| | April | 83,498.00 | 0.6042% | | 504.47 |
| | May | 83,498.00 | 0.5833% | * | 235.68 |
| Subtotals | | $83,498.00 | | | $1,027.45 |
| Add: Interest Charges | | $1,027.45 | | | |
| **Total Balance Due** | | **$84,525.45** | | | |

* Interest charges for the month of March charged for the period 3/16/08 - 3/31/08.
  Interest charges for the month of May charged for the period 5/1/08-5/15/08.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 08 C 2032 |
| J.C. CORNILLIE COMPANY, L.L.C., a Michigan corporation, | ) ) ) | Judge Manning |
| Defendant. | ) ) | Magistrate Judge Mason |

## AFFIDAVIT OF JUAN J. BEATON

State of Illinois     )
                      ) SS
County of Cook        )

I, Juan Beaton, having been duly sworn on oath, depose and state as follows:

1.     I am the Division Manager - Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2.     I am responsible for managing the collection of past due employer contributions owed to the Pension Fund, including past due employer contributions owed by Defendant J.C. Cornillie, LLC, a Michigan limited liability corporation ("J.C. Cornillie").

3.     In the regular course of business, the Pension Fund keeps and maintains files relating to the contributions owed by Defendant to the Pension Fund. The file is under my dominion and control.

F: 261961 / 08410015 / 5/12/08                    -1-

4.     On the date this action was filed and to the present date, Plaintiff Howard McDougall was and is one of the Trustees and a Fiduciary of the Pension Fund. The Trustees are the plan sponsors of the Fund within the meaning of Section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10).

5.     The Pension Fund is a multiemployer plan which is administered at its principal place of business at 9377 West Higgins Road, Rosemont, Illinois 60018-4938.

6.     The Pension Fund receives employer contributions from approximately 3,000 employers pursuant to collective bargaining agreements by and between employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Fund.

7.     The Pension Fund's records indicate that Defendant was bound by a collective bargaining agreement and Participation Agreement entered into with Local Union 247 affiliated with the IBT under which Defendant was required to pay employer contributions to the Pension Fund on behalf of certain of their employees. Defendant is also bound by the Pension Fund's Trust Agreement.

8.     The Pension Fund relies upon employers to self-report the work history of eligible employees. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g. layoffs, new hires, terminations, etc.). The Pension Fund relied upon these reports

submitted by employers to prepare a monthly contributions bill that is sent to the employers. Contributions for each calendar month are due 15 days after the end of the month.

9.      Defendant has not paid all employer contributions owed by Defendant to the Pension Fund for the period of February 2008 through April 2008 in the principal amount of $6,474.00 to the Pension Fund. A true and genuine copy of the Pension Fund's Member Contribution Report for Defendant for the period of February 2008 through April 2008 and the Pension Fund's Breakdown of Contributions Outstanding for Defendant are attached hereto as Exhibit A and is incorporated herein by reference.

10.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under Section 515 of ERISA, 29 U.S.C. § 1145:

    (i)     the unpaid contributions;
    (ii)    interest on the unpaid contributions;
    (iii)   an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and
    (iv)    reasonable attorney's fees and costs.

11.     Pursuant to the terms of the Pension Fund's Trust Agreements, the Pension Fund is entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month

for which interest is charged and shall be compounded annually.

12.     Through May 15, 2008, Defendant owes interest on the unpaid employer contributions in the total amount of $35.65 to the Pension Fund.

13.     Pursuant to the terms of the Pension Fund's Trust Agreements, the Pension Fund is entitled to the greater of doubled interest or liquidated damages in the amount of twenty percent (20%) of unpaid employer contributions.

14.     Defendant owes liquidated damages in the greater amount of twenty percent (20%) of the unpaid employer contributions in the total amount of $1,294.80 ($6,474.00 x 20%) to the Pension Fund.

15.     As a result of Defendant's failure to pay all of the contributions owed by Defendant to the Pension Fund, Defendant is indebted in the total amount of $7,804.45 to the Pension Fund, exclusive of attorney's fees and costs.

16.     Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged.

17.     Pursuant to the provisions of the Pension Fund's Plan, the Pension Fund is required to and does provide credit to employees of participating employers regardless of whether the employer ever pays the corresponding contributions.

**FURTHER AFFIANT SAYETH NOT.**

Juan J. Beaton

Subscribed and sworn to before
me a Notary Public this 12th
day of May 2008.

-4-

Notary Public

"OFFICIAL SEAL"
GEORGE O HANSEN
Notary Public, State of Illinois
My Commission Expires 1/21/2009

# EXHIBIT A

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS
PENSION FUND

BREAKDOWN OF CONTRIBUTIONS OUTSTANDING
**AS OF MAY 9, 2008**

**J. C. Cornillie, LLC**
ACCOUNT NO. 1864760-0100

| TRANS. NO | DESCRIPTION | AMOUNT | INT. THRU 5/15/08* | PAYMENTS APPLIED | DATE POSTED | BALANCE DUE |
|---|---|---|---|---|---|---|
| 1706431 | 02/2008 Billing | 1,992.00 | 23.40 | 0.00 | | 2,015.40 |
| 1721657 | 03/2008 Billing | 2,490.00 | 12.25 | 0.00 | | 2,502.25 |
| 1738128 | 04/2008 Billing | 1,992.00 | 0.00 | 0.00 | | 1,992.00 |
| TOTALS | | $6,474.00 | $35.65 | $0.00 | | $6,509.65 ** |

FOOTNOTES:

*Interest thru 05/15/2008
computed on individual items
from date due.

** A judgment entered against an employer shall include the total balance due as stated
above plus an additional amount equal to the greater of:

(A) Doubling of interest $35.65

(B) Liquidated damages, based on the unpaid
contributions in the amount of 20% $1,294.80

LG:S/Delinquent Accounts/JCC

# MEMBER CONTRIBUTION REPORT
## MEMBER INFORMATION

Employer : J C CORNILLIE LLC
Period Start : 01/27/2008 - Period Stop : 04/26/2008
Sorted by : Terminal - Member Name

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

**CHANDONAIS, JOHN** — SSN: REDACTED — Employee Type : Regular

| Week codes | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| JAN | 1230, 0106, 0113, 0120 | | | | | | | | | | |
| MAR | 0124 LOU, 0202 LOU, 0309 LOU, 0316 LOU, 0323 LOU | | | | | | | | | | |
| APR | 0330 LOU, 0406 LOU, 0413 LOU, 0420 LOU | | | | | | | | | | |
| MAY | 0427 LOU, 0504 LOU, 0511 LOU, 0518 LOU, 0525 LOU | | | | | | | | | | |
| JUN | 0601, 0608, 0615, 0622 | | | | | | | | | | |
| JUL | 0629, 0706, 0713, 0720 | | | | | | | | | | |
| AUG | 0727, 0803, 0810, 0817, 0824 | | | | | | | | | | |
| SEP | 0831, 0907, 0914, 0921 | | | | | | | | | | |
| OCT | 0928, 1005, 1012, 1019 | | | | | | | | | | |
| NOV | 1026, 1102, 1109, 1116, 1123 | | | | | | | | | | |
| DEC | 1130, 1207, 1214, 1221 | | | | | | | | | | |

ETLC No. 1864760 - 0100 - 00247A

H&W $0.00 / $0.00  PEN $0.00 / $0.00  Year: 2008  H&W $0.00

**GADETTE, JERRY E.** — SSN: REDACTED — Employee Type : Regular

| Week codes | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| JAN | 1230, 0106, 0113, 0120 | | | | | | | | | | |
| MAR | 0124 LOU, 0202 LOU, 0309 LOU, 0316 LOU, 0323 LOU | | | | | | | | | | |
| APR | 0330 LOU, 0406 LOU, 0413 LOU, 0420 LOU | | | | | | | | | | |
| MAY | 0427 LOU, 0504 LOU, 0511 LOU, 0518 LOU, 0525 LOU | | | | | | | | | | |
| JUN | 0601, 0608, 0615, 0622 | | | | | | | | | | |
| JUL | 0629, 0706, 0713, 0720 | | | | | | | | | | |
| AUG | 0727, 0803, 0810, 0817, 0824 | | | | | | | | | | |
| SEP | 0831, 0907, 0914, 0921 | | | | | | | | | | |
| OCT | 0928, 1005, 1012, 1019 | | | | | | | | | | |
| NOV | 1026, 1102, 1109, 1116, 1123 | | | | | | | | | | |
| DEC | 1130, 1207, 1214, 1221 | | | | | | | | | | |

ETLC No. 1864760 - 0100 - 00247A

H&W $0.00 / $0.00  PEN $0.00 / $0.00  Year: 2008  H&W $0.00

**GIANNUZZI, LAWRENCE L.** — SSN: REDACTED — Employee Type : Regular

| Week codes | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| JAN | 1230, 0106, 0113, 0120 | | | | | | | | | | |
| MAR | 0124 LOU, 0202 LOU, 0309 LOU, 0316 LOU, 0323 LOU | | | | | | | | | | |
| APR | 0330 LOU, 0406 LOU, 0413 LOU, 0420 LOU | | | | | | | | | | |
| MAY | 0427 LOU, 0504 LOU, 0511 LOU, 0518 LOU, 0525 LOU | | | | | | | | | | |
| JUN | 0601, 0608, 0615, 0622 | | | | | | | | | | |
| JUL | 0629, 0706, 0713, 0720 | | | | | | | | | | |
| AUG | 0727, 0803, 0810, 0817, 0824 | | | | | | | | | | |
| SEP | 0831, 0907, 0914, 0921 | | | | | | | | | | |
| OCT | 0928, 1005, 1012, 1019 | | | | | | | | | | |
| NOV | 1026, 1102, 1109, 1116, 1123 | | | | | | | | | | |
| DEC | 1130, 1207, 1214, 1221 | | | | | | | | | | |

ETLC No. 1864760 - 0100 - 00247A

H&W $0.00 / $0.00  PEN $0.00 / $0.00  Year: 2008  H&W $0.00

**HAVER, JOSEPH G.** — SSN: REDACTED — Employee Type : Regular

| Week codes | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| JAN | 1230, 0106, 0113, 0120 | | | | | | | | | | |
| MAR | 0124 ACT, 0202 ACT, 0309 ACT, 0316 ACT, 0323 ACT | | | | | | | | | | |
| APR | 0330 ACT, 0406 ACT, 0413 ACT, 0420 ACT | | | | | | | | | | |
| MAY | 0427, 0504, 0511, 0518, 0525 | | | | | | | | | | |
| JUN | 0601, 0608, 0615, 0622 | | | | | | | | | | |
| JUL | 0629, 0706, 0713, 0720 | | | | | | | | | | |
| AUG | 0727, 0803, 0810, 0817, 0824 | | | | | | | | | | |
| SEP | 0831, 0907, 0914, 0921 | | | | | | | | | | |
| OCT | 0928, 1005, 1012, 1019 | | | | | | | | | | |
| NOV | 1026, 1102, 1109, 1116, 1123 | | | | | | | | | | |
| DEC | 1130, 1207, 1214, 1221 | | | | | | | | | | |

ETLC No. 1864760 - 0100 - 00247A

FEB H&W $464.00 ($464.00)  MAR $820.00  APR $464.00
H&W $0.00 / $464.00  PEN $0.00 / $0.00  PEN Weeks 13 $2158.00  Year: 2008  H&W $0.00

**HENTSCHEL, MICHAEL G.** — SSN: REDACTED — Employee Type : Regular

| Week codes | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| JAN | 1230, 0106, 0113, 0120 | | | | | | | | | | |
| MAR | 0124 ACT, 0202 ACT, 0309 ACT, 0316 ACT, 0323 ACT | | | | | | | | | | |
| APR | 0330 ACT, 0406 ACT, 0413 ACT, 0420 ACT | | | | | | | | | | |
| MAY | 0427, 0504, 0511, 0518, 0525 | | | | | | | | | | |
| JUN | 0601, 0608, 0615, 0622 | | | | | | | | | | |
| JUL | 0629, 0706, 0713, 0720 | | | | | | | | | | |
| AUG | 0727, 0803, 0810, 0817, 0824 | | | | | | | | | | |
| SEP | 0831, 0907, 0914, 0921 | | | | | | | | | | |
| OCT | 0928, 1005, 1012, 1019 | | | | | | | | | | |
| NOV | 1026, 1102, 1109, 1116, 1123 | | | | | | | | | | |
| DEC | 1130, 1207, 1214, 1221 | | | | | | | | | | |

ETLC No. 1864760 - 0100 - 00247A

FEB H&W $464.00 ($464.00)  MAR $820.00  APR $464.00
H&W $0.00 / $464.00  PEN $0.00 / $0.00  PEN Weeks 13 $2158.00  Year: 2008  H&W $0.00

# MEMBER CONTRIBUTION REPORT
## MEMBER INFORMATION

Employer : J C CORNILLE LLC
Period Start: 01/27/2008 · Period Stop: 04/26/2008
Sorted by : Terminal · Member Name

| JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|

**IMLAY, RICHARD, G**  SSN:  Employee Type : Regular

ETLC No. 1864760 · 0100 · 00247A  Year: 2008

H&W / PEN : $0.00 ... Year: 2008    H&W $0.00

**KETELHUT, WILLIAM, C**  SSN:  Employee Type : Regular

ETLC No. 1864760 · 0100 · 00247A  Year: 2008

PEN $0.00   H&W $0.00

**LEMANSKI, SCOTT, A**  SSN:  Employee Type : Regular

ETLC No. 1864760 · 0100 · 00247A  Year: 2008

PEN $0.00   H&W $0.00

**MADDENS, JOHN, K**  SSN:  Employee Type : Regular

ETLC No. 1864760 · 0100 · 00247A  Year: 2008

PEN Weeks: 13  $2158.00   H&W $0.00

**ORR, DEAN**  SSN:  Employee Type : Regular

ETLC No. 1864760 · 0100 · 00247A  Year: 2008

PEN $0.00   H&W $0.00

# MEMBER CONTRIBUTION REPORT
## MEMBER INFORMATION

Employer : J C CORNILLIE LLC
Period Start : 01/27/2008 - Period Stop : 04/26/2008
Sorted by : Terminal - Member Name

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **POUNDERS, TROY** | | | SSN: | REDACTED | Year: 2008 | | | ETLC No. 1864760 - 0100 - 00247A | | | | Employee Type : Regular |
| 1200 | 0102 LOU | | 0204 LOU | 0330 LOU | 0427 | 0601 | 0629 | 0727 | 0831 | 0928 | 1026 | 1130 |
| 0105 | 0103 LOU | | 0202 LOU | 0406 LOU | 0504 | 0608 | 0706 | 0803 | 0907 | 1005 | 1102 | 1207 |
| 0113 | 0110 LOU | | 0369 LOU | 0413 LOU | 0511 | 0615 | 0713 | 0810 | 0914 | 1012 | 1109 | 1214 |
| 0120 | 0117 LOU | | 0303 LOU | 0420 LOU | 0518 | 0622 | 0720 | 0817 | 0921 | 1019 | 1116 | 1221 |
| | | | | | 0505 | | | 0824 | | | 1123 | |
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Year: 2008 | | H&W $0.00 | | | PEN $0.00 | | | | | | | |
| **QUANDT, KEVIN, D** | | | SSN: | REDACTED | Year: 2008 | | | ETLC No. 1864760 - 0100 - 00247A | | | | Employee Type : Regular |
| 1200 | 0102 LOU | | 0204 LOU | 0330 LOU | 0427 | 0601 | 0629 | 0727 | 0831 | 0928 | 1026 | 1130 |
| 0105 | 0103 LOU | | 0202 LOU | 0406 LOU | 0504 | 0608 | 0706 | 0803 | 0907 | 1005 | 1102 | 1207 |
| 0113 | 0110 LOU | | 0369 LOU | 0413 LOU | 0511 | 0615 | 0713 | 0810 | 0914 | 1012 | 1109 | 1214 |
| 0120 | 0117 LOU | | 0303 LOU | 0420 LOU | 0518 | 0622 | 0720 | 0817 | 0921 | 1019 | 1116 | 1221 |
| | | | | | 0505 | | | 0824 | | | 1123 | |
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Year: 2008 | | H&W $0.00 | | | PEN $0.00 | | | | | | | |
| **SIGGARS, DAVID, M** | | | SSN: | REDACTED | Year: 2008 | | | ETLC No. 1864760 - 0100 - 00247A | | | | Employee Type : Regular |
| 1200 | 0102 LOU | | 0204 LOU | 0330 LOU | 0427 | 0601 | 0629 | 0727 | 0831 | 0928 | 1028 | 1130 |
| 0105 | 0103 LOU | | 0202 LOU | 0406 LOU | 0504 | 0608 | 0706 | 0803 | 0907 | 1005 | 1102 | 1207 |
| 0113 | 0110 LOU | | 0369 LOU | 0413 LOU | 0511 | 0615 | 0713 | 0810 | 0914 | 1017 | 1109 | 1214 |
| 0120 | 0117 LOU | | 0303 LOU | 0420 LOU | 0518 | 0622 | 0720 | 0817 | 0921 | 1016 | 1116 | 1221 |
| | | | | | 0525 | | | 0824 | | | 1123 | |
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Year: 2008 | | H&W $0.00 | | | PEN $0.00 | | | | | | | |
| **ZITKA, DARIN, R** | | | SSN: | REDACTED | Year: 2008 | | | ETLC No. 1864760 - 0100 - 00247A | | | | Employee Type : Regular |
| 1200 | 0102 LOU | | 0204 LOU | 0330 LOU | 0427 | 0601 | 0629 | 0727 | 0831 | 0928 | 1026 | 1130 |
| 0105 | 0103 LOU | | 0202 LOU | 0406 LOU | 0504 | 0608 | 0706 | 0803 | 0907 | 1005 | 1102 | 1207 |
| 0113 | 0110 LOU | | 0369 LOU | 0413 LOU | 0511 | 0615 | 0713 | 0810 | 0914 | 1017 | 1109 | 1214 |
| 0120 | 0117 LOU | | 0303 LOU | 0420 LOU | 0518 | 0622 | 0720 | 0817 | 0921 | 1019 | 1116 | 1221 |
| | | | | | 0525 | | | 0824 | | | 1123 | |
| H&W | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Year: 2008 | | H&W $0.00 | | | PEN $0.00 | | | | | | | |

Report totals:

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| H&W | $0.00 | $1993.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| PEN | $0.00 | $1993.00 | $0.00 | $1092.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 08 C 2032 |
| J.C. CORNILLIE COMPANY, L.L.C., a Michigan corporation, | ) ) ) | Judge Manning |
| | ) | Magistrate Judge Mason |
| Defendant. | ) | |

## AFFIDAVIT OF REBECCA K. MCMAHON

State of Illinois      )
                              ) SS
County of Cook      )

I, Rebecca K. McMahon, having been duly sworn on oath, depose and state as follows:

1.      I am an attorney employed by the Central States, Southeast and Southwest Pension Fund ("Pension Fund") and I am familiar with the pending litigation.

2.      I have reviewed the Plaintiffs' billing records and have determined that the work performed in connection with this case was performed by myself and Albert Madden, Associate General Counsel. Albert M. Madden graduated from law school in 1980 and was admitted to practice in Illinois in 1980.

3.      I graduated from Valparaiso University School of Law in 2006. I was admitted to the bar of the State of Illinois on November 9, 2006 and admitted to practice

in the United States District Court for the Northern District of Illinois on January 11, 2007. I have worked as an attorney responsible for ERISA contribution and withdrawal liability litigation since 2006.

4.    I believe that a reasonable rate for the aforementioned services is $135.00 per hour for work performed by myself. I believe a reasonable rate for the aforementioned services is $250.00 per hour for work performed by Albert Madden.

5.    In addition to the work performed by myself, paralegal services were performed by George O. Hansen. George O. Hansen is a litigation paralegal employed by the Funds. I believe that a reasonable rate for the paralegal services of George O. Hansen is $105.00 per hour.

6.    On this basis, the total of legal fees incurred in this matter is $1,425.00 (6 hours x $135.00 per hour for myself, 1.2 hours x $250.00 per hour for Albert Madden, and 3 hours x $105.00 per hour for George O. Hansen).

7.    The legal services are briefly summarized as follows: review file, including collective bargaining agreement, participation agreement, settlement agreement and release and delinquency billing report and current claim; preparation of complaint, appearance, and summons; review affidavit of service; preparation of the initial status report; preparation of motion for entry of judgment by default, including supporting affidavits, exhibits, and proposed judgment order; court appearance.

8.    Based upon my experience in similar cases, I believe that the above rates are at or below the market rate charged for legal work and therefore, are reasonable. I also believe that the amount of time spent by Albert Madden, George O. Hansen, and I on this case is reasonable. On that basis, the total of legal fees incurred in this matter is

$1,425.00.

9.     The Funds have also incurred the following costs in connection with this litigation in the total amount of $390.00, consisting of Filing Fee in the amount of $350.00 and Service of Process fee in the amount of $40.00.

10.    I believe that the aforementioned legal fees and costs were necessarily incurred and are reasonable in amount.

**FURTHER AFFIANT SAYETH NOT.**

_Rebecca K. McMahon_
Rebecca K. McMahon

Subscribed and sworn to before
me, a Notary Public, this _12th_
day of May, 2008.

_____
Notary Public

"OFFICIAL SEAL"
GEORGE O HANSEN
Notary Public, State of Illinois
My Commission Expires 1/21/2009

# EXHIBIT 4

CENTRAL STATES, SOUTHEAST AND ) 
SOUTHWEST AREAS PENSION FUND, ) 
and HOWARD McDOUGALL, trustee, ) 
                   ) 
        Plaintiffs, ) 
                   ) 
        v. )     Case No.:  08 C 2032 
                   ) 
J.C. CORNILLIE COMPANY, L.L.C., )     Judge Manning 
a Michigan corporation, ) 
                   )     Magistrate Judge Mason 
        Defendant. ) 

## JUDGMENT ORDER

At Chicago, Illinois, in the District and Division aforesaid, before the Honorable Mark

Filip, District Judge.

This cause coming to be heard this 15th day of May, 2008, on Plaintiffs' Motion for

Entry of Order of Default and Judgment by Default, due notice having been served, and it

appearing of record that a complaint for collection of shortfall payments and delinquent

employer contributions, interest, and statutory damages under the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., as amended by the

Multiemployer Pension Plan Amendments Act of 1980, was filed by Plaintiffs onApril 10,

2008; that Defendant J. C. Cornillie, LLC, a Michigan limited liability corporation, was

served by delivery of Summons and Complaint on April 14, 2008; that Plaintiffs have

submitted affidavits in support of judgment; and the Court having fully considered the

Complaint, the Motion for Entry of Order of Default and Judgment by Default and

supporting affidavits, and  the record in this case does hereby find: (i) that this Court has jurisdiction of the action; (ii) that an order of default and judgment by default may properly be entered in favor of Plaintiffs and against Defendant J. C. Cornillie, LLC, a Michigan limited liability corporation; and (iii) that Plaintiffs have established by evidence satisfactory to this Court that judgment should be entered against Defendant for the principal amount, interest, liquidated damages, attorneys' fees and costs ordered hereinbelow, wherefore:

**IT IS ORDERED**:

A.      Judgment by default be and is hereby entered in favor of Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, and against Defendant J. C. Cornillie, LLC, a Michigan limited liability corporation, in the total amount of $110,844.50.  The judgment amount consists of: (i) delinquent shortfall payments in the amount of $83,498.00; (ii) interest on the delinquent shortfall payments in the amount of $1,027.45; (iii) liquidated damages on the shortfall payments in the amount of  $16,699.60; (iv) delinquent employer contributions in the amount of $6,474.00; (ii) interest on the delinquent employer contributions in the amount of $35.65; (iii) liquidated damages delinquent employer contributions in the amount of $1,294.80; (iv) attorneys' fees in the total amount of $1,425.00; and (v) costs in the amount $390.00 awarded pursuant to 29 U.S.C. § 1132(g)(2).

B.      That Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

C.      Specifically excluded from this judgment and not barred under any claim

preclusion are: (i) any obligation of Defendant J. C. Cornillie, LLC, a Michigan limited liability corporation to pay employer contributions (or interest and statutory damages thereon) for any period other than the period of February 2008 through April 2008; (ii) any claim for employer contributions (or interest or statutory damages thereon) for any period of time (including the period of February 2008 through April 2008) on behalf of employees whose work history was not reported or was inaccurately reported to the Welfare Fund; and (iii) any claim for employer contributions for failure to maintain an annual contribution base unit level pursuant to a contribution guarantee for any year other than 2007.

       D.      That Plaintiffs are awarded execution for the collection of the judgment and costs granted.

       E.      That the Court retain jurisdiction of the cause for the purpose of enforcing this Order.

Enter:


Dated: _____          _____
                                       United States District Judge Manning


Order prepared by
attorney for Plaintiffs:

Rebecca K. McMahon
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3441